6

ANTONIA G. DARLING # 76190
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Tracy Hope Davis,
United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>PACHECO PLAZA, LLC,<br><br>Debtor. | Case No. 14-10638-B-11<br>Chapter 11<br><br>UST-001 |
| TRACY HOPE DAVIS,<br>United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>PACHECO PLAZA, LLC,<br><br>Defendant. | A.P. No. 14-01022<br><br>DATE: April 24, 2014<br>TIME: 10:30 a.m.<br>PLACE: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department B, Courtroom 12<br>Fresno, California<br><br>Judge: W. Richard Lee |

**COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On April 24, 2014, the Court considered the United States Trustee's Motion for Default Judgment. Robin Tubesing, Esq., appeared for the Plaintiff. No one appeared on behalf of the Defendant. Having reviewed the pleadings and considered the arguments, the Court now issues the following findings of fact and conclusions of law.

///

///

RECEIVED
April 29, 2014
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005189541

**FINDINGS OF FACT**

1. The Defendant filed the Current Case in the Fresno Division on February 13, 2014. This is Defendant's second bankruptcy case. A third, affiliated, case was filed by Jong Yul Park.

2. On page 2 of the Current Case Voluntary Petition, in connection with the requirement that the Defendant disclose "Prior Bankruptcy Cases Filed Within the Last 8 Years," the Defendant affirmatively indicated "none."

3. On page 2 of the Current Case Voluntary Petition, in connection with the requirement that the Defendant disclose "Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate or this Debtor," the Defendant affirmatively indicated "none."

4. The Defendant's prior bankruptcy case was filed just over two months before the filing of the Current Case in the Fresno Division, and assigned case number 13-17759-A-7 ("Case No. 1").

5. The Defendant's related bankruptcy case was filed just over a month before the filing of the Current Case in the Fresno, Division, and assigned case number 14-10085-A-7 ("Case No. 2").

**CASE NO. 1**

6. The Defendant filed a "skeletal" voluntary petition under Chapter 7 on December 10, 2013.

7. The Defendant discloses its street address is 1235 E. Pacheco Blvd, Los Banos, California 93635.

8. The Defendant designated the case as "Single Asset Real Estate" on page one of the Voluntary Petition.

9. The Defendant listed one creditor, Community Commerce Bank, on the creditor matrix.

10. The case was dismissed on December 20, 2013, for failure to file documents.

11. The case was filed on the eve of a foreclosure sale.

**CASE NO. 2**

12. Jong Yul Park filed a "skeletal" voluntary petition under Chapter 7 on January 9, 2014.

13. Jong Yul Park disclosed his street address is 1235 E. Pacheco Blvd, Los Banos, California 93635.

14. Jong Yul Park designated the case as "Single Asset Real Estate" on page one of the Voluntary Petition.

15. On page 2 of the voluntary petition, in connection with the requirement that Mr. Park disclose "Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate or this Debtor," Mr. Park affirmatively indicated "none."

16. Jong Yul Park listed one creditor, Community Commerce Bank, on the creditor matrix.

17. Jong Yul Park filed a "Motion for the Extension of Time to File Balance of Schedules and Other Deficiencies," on January 24, 2014. This motion was granted, allowing Jong Yul Park an additional two weeks to prepare and file the documents.

18. The case was dismissed on February 10, 2014, for failure to file documents.

19. The case was filed on the eve of a foreclosure sale on the same property referenced in Case No. 1.

**CURRENT CASE**

20. The Defendant filed a voluntary petition under Chapter 11 on February 13, 2014, just three days after the dismissal of Case No. 2.

21. The Defendant discloses its street address is 1235 E. Pacheco Blvd, Los Banos, California 93635.

22. The Defendant designated the case as "other" rather than "Single Asset Real Estate" on page one of the Voluntary Petition.

23. The Defendant listed one creditor in the Schedules, Community Commerce Bank.

24. The Defendant failed to disclose its prior case and the prior related case on page two of the voluntary petition.

25. The Defendant lists commercial property located as 1235 E. Pacheco Blvd., Los Banos, CA 93635, on Schedule A ("The Property").

26. The Defendant's sole asset other than real property is $100 in a bank account, according to Schedule B.

27. The Defendant lists no creditors on Schedule E or Schedule F

28. The Defendant reports that it has generated no income in the last three calendar years, according to the Statement of Financial Affairs, paragraph one.

29. The Defendant reports no pending lawsuits or pending foreclosure actions in the Statement of Financial Affairs, paragraphs 4 and 5.

30. The case was filed on the eve of a foreclosure sale on the same property referenced in Case No. 1 and Case No. 2.

## JURISDICTION AND VENUE

The Plaintiff has standing to bring this proceeding under 11 U.S.C. § 307 and 11 U.S.C. 1112(b). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, 11 U.S.C. § 105(a), 11 U.S.C. § 1112(b), and Fed. R. Bankr. P. 7001(4). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

## CONCLUSIONS OF LAW

### A. DEFAULT JUDGMENT STANDARD

The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Plaintiff is entitled to entry of judgment by default as a matter of law because the Defendant has failed to appear, answer or otherwise defend the action. The Plaintiff's evidentiary submissions are sufficient proof of the elements necessary to grant relief as requested in the complaint.

**B. FIRST CLAIM OF RELIEF: DISMISSAL PURSUANT TO 11 U.S.C. § 1112(b)**

The case having been dismissed on April 2, 2014, this claim for relief is moot.

**C. SECOND CLAIM OF RELIEF: INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 65**

The Bankruptcy Code gives the Court authority to sanction for cause by imposing a bar against re-filing a bankruptcy petition. The imposition of a bar need not be predicated on a history of "serial filing." In *In re Mitchell*, 357 B.R. 142 (Bankr. C.D. Cal. 2006), the Court held that filing of one Chapter 7 petition in bad faith is sufficient "cause" for a bankruptcy court to impose a 180-day bar against refiling another Chapter 7 petition. *See also* 11 U.S.C. § 349.

In determining whether a debtor has filed a petition in bad faith, courts consider the following:

(1) Whether the Debtor has only one asset;

(2) Whether the Debtor has an ongoing business to reorganize;

(3) Whether there are any unsecured creditors;

(4) Whether the Debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and

(5) Whether the case is essentially a two party dispute capable of prompt adjudication in state court.

*In re St. Paul Storage Ltd. P'ship,* 185 B.R. 580-83 (9th Cir. BAP 1995).

In the instant case, the Defendant has one asset, the Defendant does not have an ongoing business to reorganize, the Defendant has no unsecured creditors, the Defendant lacks cash flow to fund a plan, and this case is a two-party dispute between the Defendant and Community Commerce Bank. In addition, the Defendant improperly changed the Defendant's designation to

"other" in the Current Case when the case is a Single Asset Real Estate case and failed to disclose the two prior cases.

In this instance, and for all the reasons stated above, the Defendant's Current Case should be dismissed with a two-year bar to refiling because the Defendant is a serial filer and the Defendant's conduct constitutes bad faith.

**CONCLUSION**

For the foregoing reasons, the Court concludes that the Defendant's case shall be dismissed with a two-year bar to refiling. **A separate order granting the United States Trustee's Motion for Default Judgment shall be entered.**

Dated: Apr 30, 2014

W. Richard Lee
United States Bankruptcy Judge